IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WEBSTER ALEXANDER, <br> TDCJ-CID No. 1701648, <br><br> Plaintiff, <br><br> v. <br><br> J. BEACH, *et al.*, <br><br> Defendants. | §§§§§§§§§§ | 2:17-CV-125-Z |



**MEMORANDUM OPINION
DISMISSING CIVIL RIGHTS COMPLAINT**

*Pro se* Plaintiff Webster Alexander ("Plaintiff") is a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. On July 10, 2017, Plaintiff filed a complaint (ECF No. 3) pursuant to 42 U.S.C. § 1983 against Defendants J. Beach, NFN Garcia, NFN Groover, NFN Ramirez, NFN NLN, NFN Pachekio, Ceasar Vasquez, and Lorie Davis (collectively, "Defendants") and has been granted permission to proceed *in forma pauperis*. For the following reasons, Plaintiff's complaint is DISMISSED.

**I. JUDICIAL REVIEW**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see also Denton v. Hernandez*, 504 U.S. 25 (1992).

relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A and 1915(e)(2). The same standards support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## II. Plaintiff's Claims

In his complaint, Plaintiff alleges that (1) prison officials were deliberately indifferent to his safety and (2) supervisory officials failed to adequately train or supervise their subordinates. Plaintiff's claims relate to a single incident that occurred on July 15, 2015, when Plaintiff was assaulted by an unknown inmate who sliced his throat with an altered fan blade. ECF No. 3. Plaintiff only learned the inmate's identity during the investigation following the incident.

At the time of the incident, Plaintiff was handcuffed and being escorted to a temporary holding cell in the Clements Unit of TDCJ, where the unknown inmate was already held. *Id.* The inmate was not handcuffed. *Id.* Plaintiff avers that this is a violation of TDCJ policy given the inmate's classification and housing assignment in a high security prison. *Id.* Plaintiff also claims that (1) the Warden of the Clements Unit was aware of the violent and assaultive history of the unknown inmate and (2) Defendants falsified records to obstruct the investigation into this incident. *Id.* Plaintiff further claims that a third inmate was assaulted by the unknown inmate three days prior to Plaintiff's assault, with a similar weapon was fashioned from a fan blade. *Id.* Plaintiff additionally alleges that the unknown inmate spouted a racial slur against him during the attack.

---

[2] *See also Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

*Id.* Plaintiff claims that the "negligence to follow protocol" of the officers and the "failure to train" caused him to be subjected to numerous diseases and suffer a serious attack that could have resulted in death, absent Plaintiff's defensive maneuvers. *Id.* Plaintiff further alleges that the response to the attack did not follow protocol. *Id.* Plaintiff claims that the responses he received in the grievance process deprived him of due process. *Id.* However, he acknowledges that he was seen by the classification committee and that a housing assignment change was made as a result of the investigation. *Id.* Plaintiff was taken to the medical department for treatment of his injuries immediately following the attack. *Id.*

Plaintiff makes no claims that the correctional officer who escorted him to the cell or placed him in the cell with the unknown inmate had specific knowledge of an imminent threat. *Id.* The assault occurred very rapidly, and the officers acted immediately to separate the two inmates. *Id.* Rather, Plaintiff claims that this particular inmate's history of violence warranted his placement in administrative segregation, where Plaintiff would never have come in contact with him. *Id.*

Plaintiff seeks compensatory and punitive damages as well as injunctive relief. However, a prisoner's claim for declaratory or injunctive relief based on conditions of confinement becomes moot upon the prisoner's release from custody or transfer from the facility. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Because Plaintiff has been released from confinement at the Clements Unit since the filing of his complaint, his request for injunctive relief is now moot. *See* ECF Nos. 11, 13 (indicating Defendant's change of address). Accordingly, the remainder of this Memorandum Opinion will address Plaintiff's claims as they pertain to compensatory and punitive damages.

### III. ANALYSIS

The right of an inmate to be protected from assault by other inmates was clearly established under the Eighth Amendment at the time of the events giving rise to this lawsuit. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994) ("In particular, as the lower courts have uniformly held, and as we have assumed, prison officials have a duty to protect prisoners from violence at the hands of other prisoners." (internal marks omitted)). To establish a failure-to-protect claim under 42 U.S.C. § 1983 against a prison official, a plaintiff "must show that he [was] incarcerated under conditions posing a substantial risk of serious harm *and* that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (emphasis added) (citing *Farmer*, 511 U.S. at 834); *see also Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (citing *Farmer*, 114 S.Ct. at 1977) ("The plaintiff prisoner must prove both that he is incarcerated under conditions 'posing a substantial risk of serious harm,' and that the prison official's state of mind is one of 'deliberate indifference' to the prisoner's health or safety.")

"Deliberate indifference" is a subjective standard that occurs only where a prison official "knows of *and* disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837 (emphasis added). Thus, the standard requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Neals*, 59 F.3d at 533 (quoting *Farmer*, 511 U.S. at 837). "An official's failure to alleviate a significant risk that he *should have* perceived *but did not*, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment . . . ." *Farmer*, 511 U.S. at 838 (emphasis added).

Threats of violence from one inmate upon another inmate are all too common in the prison environment. *See Newton v. Black*, 133 F.3d 301, 307 (5th Cir. 1998) ("Accordingly, inmate

4

threats there must be taken quite seriously. But, concomitantly, threats are part of the penitentiary's daily fare. And such threats come in all forms and multiple variations and situations."). Prison officials are not expected to prevent all inmate-on-inmate violence. *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003) (citing *Farmer*, 511 U.S. at 384). An inmate may show that a prison official was subjectively aware of a risk to the prisoner's safety by pointing to either direct evidence of the official's knowledge or circumstantial evidence that would show that the official *must* have known about the risk. *Adames*, 331 F.3d at 512. An allegation that an official negligently failed to protect an inmate from another inmate is not enough to state a constitutional claim. *Davidson v. Cannon*, 474 U.S. 344, 347 (1986). The officer must have the subjective intent to cause harm. *Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003). A plaintiff cannot make generalized allegations, nor can he support a claim based on any theory of vicarious liability. *Howard v. Fortenberry*, 723 F.2d 1206, 1209 (5th Cir. 1984). There must be an affirmative link between the incident and some act by the defendant. *Rizzo v. Goode*, 423 U.S. 362, 375–77 (1976). Conclusory allegations are insufficient to state a cognizable claim under the Civil Rights Act. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

There is no concise definition of what types of prison conditions pose a "substantial risk of serious harm." Instead, the Fifth Circuit requires a showing that offends "contemporary standards of decency." *Horton*, 70 F.3d at 401. The Court must consider "whether society considers the risk to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Id.* (select internal marks omitted) (citing *Helling v. McKinney*, 509 U.S. 25 (1993)). Prison authorities must protect not only against current threats, but also must guard against "sufficiently imminent dangers" that are likely to cause harm "in the next week or month or year." *Horton*, 70 F.3d at 401.

Here, Plaintiff has not shown that the prison officials knew of and disregarded an excessive risk to his health or safety. The mere fact that he was handcuffed and placed in a temporary cell with an uncuffed prisoner is insufficient to show that the officers knew that an "excessive risk" to his health or safety existed or that they disregarded that risk. Furthermore, Plaintiff has not pleaded that the officer responsible for placing him in the cell had any specific knowledge of past assaults by the unknown inmate. Even if the officer did have such knowledge, Plaintiff has provided no evidence that the inmate was *obviously* about to attack him.

In *Adames*, the Fifth Circuit stated that prison officials' dereliction of duties in following standard safety procedures is insufficient to show that they were deliberately indifferent to the plaintiff's safety. 331 F.3d at 513. The same situation exists in the instant case. Even if the officers were derelict in failing to secure the other inmate prior to placing Plaintiff inside the cell, this by itself does not show that they were deliberately indifferent to Plaintiff's safety. The fact that Plaintiff sustained serious injury also does not demonstrate deliberate indifference. The Fifth Circuit has held that complaints by prisoners for negligence on the part of prison officials—even where serious injury occurs—do not set out a valid claim under the Eighth Amendment even if such complaints could be valid under state law. *See Bowie v. Procunier*, 808 F.2d 1142, 1143 (5th Cir. 1987). Thus, Plaintiff has failed to state a claim for deliberate indifference to his safety.

Plaintiff also asserts a claim for failure to adequately train officers at the Clements Unit. The Fifth Circuit has held that in a case involving failure to train or supervise, the plaintiff must show that "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008) (internal quotation marks and citations omitted). Deliberate indifference

in such a situation requires "a conscious choice to endanger constitutional rights," and the proof of deliberate indifference generally requires more than a single instance of the lack of training or supervision causing a violation of constitutional rights. *Id.*

Additionally, the Fifth Circuit has held that a claim of failure to train presupposes an underlying constitutional violation. *See Perryman v. Bloomfield*, 69 Fed. Appx. 659 (5th Cir., May 30, 2003) (unpublished), 2003 WL 21356054 (citing *City of Canton*, 489 U.S. at 385; *accord Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997).

But here, there is no underlying constitutional violation because Plaintiff has failed to allege facts showing deliberate indifference to his safety. In the absence of an underlying constitutional violation, Plaintiff cannot maintain a cause of action for inadequate training or supervision. Therefore, Plaintiff has failed to state a claim for failure to train or supervise, and his claim must be dismissed.

### IV. ORDER

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), as well as 42 U.S.C. § 1997e(a), it is ORDERED that Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983 is DISMISSED without prejudice for failure to state a claim.

**SO ORDERED.**

May 29, 2020.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE